UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN LYNINGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 3:10-cv-00504-RCJ-RAM |
| vs. ) | |
| ) | |
| JIM MOTSINGER et al., ) | ORDER |
| ) | |
| Defendants. ) | |

This case arises out of alleged age discrimination in employment. Plaintiff has filed eleven identical Motions for Preliminary Injunction (ECF No. 6–16), along with two identical Proposed Orders (ECF Nos. 17, 22). For the reasons given herein, the Court denies the motions and gives Plaintiff fourteen days to file a copy of his charge of discrimination to the Equal Employment Opportunity Commission ("EEOC").

I.  FACTS AND PROCEDURAL HISTORY

Plaintiff was employed for Defendant Interstate Oil Co. from October 25, 2005 until he was terminated on February 19, 2010. (Compl. 25, ECF No. 1). He alleges discriminatory treatment by his employer and co-workers, including wrongful termination. Plaintiff, proceeding in pro se, sued ten Defendants (and potentially thousands of unnamed defendants) in this Court on fifty-seven causes of action. The Complaint can be read to plead a single cause of action for illegal age discrimination pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), 29

U.S.C. § 621 *et seq*. The individual causes of action identified therein represent facts that should be presented as numbered paragraphs in a statement of facts. The Amended Complaint ("AC") includes minor changes to the allegations and includes fifty-eight causes of action. (*See* Am. Compl., ECF No. 4).

Plaintiff has filed into the record eleven identical motions for preliminary injunction, demanding reinstatement and back pay, as well as $1,000,000,000 as damages for an alleged death threat by a supervisor, or, in the alternative, $5,000,000 plus $4500 per month for 58 years. (*See* Proposed Order 1, ECF No. 17).

## II. LEGAL STANDARDS

The Ninth Circuit in the past set forth two separate sets of criteria for determining whether to grant preliminary injunctive relief:

> Under the traditional test, a plaintiff must show: (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases). The alternative test requires that a plaintiff demonstrate either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.

*Taylor v. Westly*, 488 F.3d 1197, 1200 (9th Cir. 2007). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Id.*

The Supreme Court recently reiterated, however, that a plaintiff seeking an injunction must demonstrate that irreparable harm is "likely," not just possible. *Winter v. NRDC*, 129 S. Ct. 365, 374–76 (2008) (rejecting the Ninth Circuit's alternative "sliding scale" test). The Ninth Circuit has explicitly recognized that its "possibility" test was "definitively refuted" in *Winter*, and that "[t]he proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public

interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter*, 129 S. Ct. at 374) (reversing a district court's use of the Ninth Circuit's pre-*Winter*, "sliding-scale" standard and remanding for application of the proper standard).

A recent Ninth Circuit ruling relying largely on the dissenting opinion in *Winter* parsed the language of *Winter* and subsequent Ninth Circuit rulings and determined that the sliding scale test remains viable when there is a lesser showing of likelihood of success on the merits amounting to "serious questions," but not when there is a lesser showing of likelihood of irreparable harm. *See Alliance for the Wild Rockies v. Cottrell*, No. 09-35756, 2010 WL 2926463, at *5–7 (9th Cir. July 28, 2010). As a preliminary matter, to the extent this interpretation of *Winter* is inconsistent with that in *Selecky*, *Selecky* controls. *See Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003) (en banc) (holding that, in the absence of an intervening Supreme Court decision, only the en banc court may overrule a decision by a three-judge panel). In any case, the Supreme Court has made clear that a movant must show both "that he is *likely* to succeed on the merits [and] that he is *likely* to suffer irreparable harm in the absence of preliminary relief . . . ." *Winter*, 129 S. Ct. at 374 (citing *Munaf v. Geren*, 128 S. Ct. 2207, 2218–19 (2008); *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542 (1987); *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311–12 (1982)) (emphases added). To satisfy *Winter*, the movant must show that he is "likely" to succeed on the merits. To the extent the *Cottrell* court meant to imply that its "serious questions" standard was a lesser standard than "likely," it is inconsistent with *Winter* and *Selecky*. The Court must reconcile the cases by interpreting the *Cottrell* "serious questions" requirement to be in harmony with the *Winter/Selecky* "likelihood" standard, not as being in competition with it. The movant must therefore show that there are serious questions as to the merits of the case, such that success on the merits is likely. A claim can be weaker on the merits if it raises "serious questions" and the amount of harm the injunction will prevent is very great, but the chance of success on the merits cannot be weaker than "likely."

## III. ANALYSIS

Plaintiff requests both damages and equitable relief in the present motions. Only the latter is available via an injunction. Insofar as Plaintiff demands damages or an injunction that would be a change from the status quo, the present motion is a motion for summary judgment on both damages and a permanent injunction.

The motions are inappropriate insofar as they request equitable relief because they seek preliminary injunctive relief but do not seek to maintain the status quo. "The sole purpose of a preliminary injunction is to preserve the status quo ante litem pending a determination of the action on the merits." *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1023 (9th Cir. 2009) (internal quotation marks and citation omitted); *accord King v. Saddleback Junior Coll. Dist.*, 425 F.2d 426, 427 (9th Cir. 1970) (holding that a district court abused its discretion when it ordered a preliminary injunction that altered the status quo by requiring a college to register certain students). Plaintiff seeks reinstatement, not an injunction against being fired. A preliminary injunction is therefore inappropriate. Moreover, Plaintiff has not shown a likelihood of success on the merits. Insofar as the Court were to treat the present motions as motions for summary judgment, this is beyond the scope of the hearing.

Also, the Court's jurisdiction is in doubt. Title VII of the Civil Rights Act of 1964, for example, limits the jurisdiction of federal courts to those claims that the EEOC has had an opportunity to examine. The scope of federal jurisdiction over a complaint under Title VII is therefore coextensive with the claims administratively exhausted with the EEOC, including claims filed but which the EEOC fails to adjudicate or investigate:

> To establish subject matter jurisdiction over his Title VII . . . claim, [the plaintiff] must have exhausted his administrative remedies by filing a timely charge with the EEOC. This affords the agency an opportunity to investigate the charge. Subject matter jurisdiction extends to all claims of discrimination that fall within the scope of the EEOC's actual investigation or an EEOC investigation that could reasonably be expected to grow out of the charge.

*Vasquez v. County of L.A.*, 349 F.3d 634, 644 (9th Cir. 2003) (citing 42 U.S.C. § 2000e-5(b); *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099–1100 (9th Cir. 2002)) (footnotes omitted). Similar jurisdictional limitations apply to ADEA claims. A plaintiff need not receive a right-to-sue letter from the EEOC before filing an ADEA claim, *Julian v. City of Houston, Tex.*, 314 F.3d 721, 726 (5th Cir. 2002), but he must file a charge with the EEOC and wait sixty days thereafter before suing so that the EEOC may have time to address the claim, *Hodge v. N.Y. Coll. of Podiatric Med.*, 157 F.3d 164, 168 (2d Cir. 1998) (quoting 29 U.S.C. § 626(d)). The charge itself must be filed with the EEOC within 180 days of the alleged discriminatory act, or, in cases where there is a state commission that processes such charges, within 300 days of the alleged discriminatory act or thirty days after the state agency terminates proceedings, whichever is earlier. *See* 29 U.S.C. § 626(d)(1).

Plaintiff has not introduced into the record a copy of his charge of discrimination to the EEOC. He has filed a copy of a letter he received from the EEOC, dated August 26, 2010, indicating that it would consider his claim and that it would not refer it to the Nevada Equal Rights Commission ("NERC"). (*See* Letter, ECF No. 5). At oral argument, the parties agreed the alleged discriminatory firing occurred on February 19, 2010, so it is likely Plaintiff filed his charge with the EEOC within 180 days, as he received a letter back from them indicating they were investigating on August 26, 2010. However, it is not as likely that Plaintiff waited sixty days after filing his charge of discrimination with the EEOC to file the Complaint, which was filed on August 13, 2010.

Plaintiff shall, within fourteen days, file into the record a copy of the charge of discrimination he filed with the EEOC so that the Court can confirm (1) that he filed the charge within 180 days of his firing and (2) that he waited sixty days after filing the charge before filing suit on August 13, 2010. In other words, Plaintiff must have filed his charge of discrimination with the EEOC between February 19, 2010 and June 14, 2010, or the Court lacks jurisdiction.

## CONCLUSION

IT IS HEREBY ORDERED that the Motions for Preliminary Injunction (ECF Nos. 6–16) are DENIED.

IT IS FURTHER ORDERED that Plaintiff shall enter into the record a copy of his charge of discrimination to the EEOC within fourteen days.

IT IS SO ORDERED.

Dated this 20th day of October, 2010.

_____
ROBERT C. JONES
United States District Judge