**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOHN LYNINGER, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JIM MOTSINGER et al., ) <br> ) <br> Defendants. ) <br> ) | 3:10-cv-00504-RCJ-RAM <br><br> **ORDER** |

This case arises out of alleged age discrimination in employment. The Court has dismissed the case, and Plaintiff has filed a Motion to Reconsider (ECF No. 129). For the reasons given herein, the Court denies the motion.

**I.   FACTS AND PROCEDURAL HISTORY**

Plaintiff worked for Defendant Interstate Oil Co. ("Interstate") from October 25, 2005 until Interstate terminated him on February 19, 2010. He alleges discriminatory treatment by his employer and co-workers, including wrongful termination. Plaintiff sued ten Defendants (and potentially thousands of unnamed defendants) in this Court. The Complaint can be read to plead a single cause of action for illegal age discrimination pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.* The Second Amended Complaint ("SAC") includes minor changes to the allegations.

Plaintiff filed eleven identical motions for preliminary injunction, wherein he demanded

reinstatement and back pay, as well as $1,000,000,000 as damages for an alleged death threat by a supervisor, or, in the alternative, $5,000,000 plus $4500 per month for 58 years. The Court denied those motions and ordered Plaintiff to enter into the record a copy of his charge of discrimination to the EEOC within fourteen days, so the Court could be satisfied of its ability to rule on Plaintiff's ADEA claim. Twenty-nine days later, Plaintiff filed his purported letter to the EEOC, dated February 26, 2010. Interstate suspected that Plaintiff had fabricated the letter in order to manufacture jurisdiction. Because Interstate had never received any notice from the EEOC about any charge of discrimination until after the present case was filed in August 2010, it became suspicious upon seeing the February 26, 2010 letter in the record and made a Freedom of Information Act ("FOIA") request to the EEOC. The EEOC's reply indicated it had never received any letter from Plaintiff dated from February 2010, but first received communications from Plaintiff after he filed the present lawsuit in August 2010.

Defendants filed motions to dismiss for insufficient service of process and for failure to comply with a court order or to exhaust administrative remedies. Plaintiff filed seventeen motions for sanctions, for various injunctive relief, for leave to amend, and for appointment of counsel. The Court denied Plaintiff's motions and dismissed the case under Rule 41(b) after Plaintiff failed to appear for the hearing. Plaintiff has moved for the Court to reconsider.

## II. LEGAL STANDARDS

A motion to alter or amend a judgment must be made within twenty-eight days of entry of judgment. Fed. R. Civ. P. 59(e). Here, the relevant order was entered on February 25, 2011, and the present motion was filed thirty-one days later on March 28, 2011. Therefore the motion to reconsider is untimely under Rule 59(e) and will be considered under Rule 60(b). *See Am. Ironworks & Erectors, Inc. v. N. Am. Contr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001) ("[A] 'motion for reconsideration' is treated as a motion to alter or amend judgment under

1 Federal Rule of Civil Procedure Rule 59(e) if it is filed within ten days of entry of judgment.").[1]

**III. ANALYSIS**

Plaintiff has not adduced any law or facts warranting reconsideration, and he again failed to appear for his hearing.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Reconsider (ECF No. 129) is DENIED.

IT IS SO ORDERED.

Dated this 21st day of July, 2011.

_____
ROBERT C. JONES
United States District Judge

---

[1] On December 1, 2009, the time to file a Rule 59(e) motion was extended to twenty-eight days. *Compare* Fed. R. Civ. P. 59(e) (2009), *with* Fed. R. Civ. P. 59(e) (2010).